IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Odom, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Trident Hospital Director; SC )<br>Taxpayers, State of; Charleston )<br>County Courthouse Bailiff; S.C. )<br>Budget and Control Board Director; )<br>SC Negligence Injury Insurer; )<br>Champus Insurer; Charleston County )<br>Taxpayers; Judge Nicholson, Jr.; )<br>Christopher Burrow, Atty.; CARTA Bus )<br>Co. Atty.; Dr. Buncher Medical Facility; )<br>Alan Wilson; Courthouse Video; )<br>Judge Kaymani West; Judge Richard )<br>Gergel; MUSC; and EMS, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 5:17-cv-2540-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Christopher Odom's pro se complaint, which he indicates is both a habeas corpus petition and a civil complaint. Odom is a pretrial detainee at the Sheriff Al Cannon Detention Center in Charleston County, South Carolina, and his claims arise out of his involuntary commitment to Trident Hospital.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review. On November 1, 2017, the Magistrate Judge issued a report and recommendation ("Report") outlining the issues and recommending that the Court summarily dismiss Plaintiff's complaint without prejudice. According to the Magistrate Judge, Plaintiff's habeas corpus claims are subject to dismissal because Plaintiff does not request relief that would

shorten any period of incarceration. In addition, the Magistrate Judge determined that Plaintiff fails to state a cognizable constitutional claim against Defendants SC Taxpayers, Charleston County Taxpayers, State of; SC Budget and Control Director; MUSC; EMS; Dr. Buncher Medical Facility; SC Negligence Injury Insurer; or Champus Insurer because the complaint contains no allegations showing that any of these individuals or organizations had any involvement with Plaintiff's involuntary commitment. Also, the Magistrate Judge determined that Plaintiff's complaint fails to state plausible §§ 1983 or 1985 claim against Defendants Trident Hospital Director, Atty Burrow, or Atty CARTA Bus Co. because the complaint contains no allegations of wrongdoing against them, and, even if it did, the complaint contains no allegations from which it may be inferred that any of these Defendants is a state actor or that any of them conspired with anyone else to violate Plaintiff's constitutional rights. The Magistrate Judge noted that Defendant Courthouse Video is not a "person" amenable to suit under §§ 1983 or 1985, and that there are no allegations of wrongdoing against Defendant Alan Wilson, the South Carolina Attorney General. The Magistrate Judge determined that Judge Gergel, Magistrate Judge West, and Judge Nicholson are entitled to dismissal because Plaintiff's claims are barred by the doctrine of judicial immunity. Lastly, the Magistrate Judge concluded that Plaintiff fails to show any wrongdoing by Defendant Charleston County Courthouse Bailiff. In all, the Magistrate Judge determined that Plaintiff's complaint is subject to summary dismissal because it fails to state a plausible claim against any named Defendant.

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of receiving a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court adopts and incorporates the Report (ECF No. 10) and dismisses this action without prejudice.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

December 1, 2017
Charleston, South Carolina